### PROGRESSIVE CASUALTY INSURANCE COMPANY

v.

### NARRAGANSETT AUTO SALES.

No. 99–271–Appeal.

Supreme Court of Rhode Island.

Jan. 19, 2001.

Stephen A. Izzi, Providence, For Plaintiff.

Stephen C. Mackie, Providence, James A Currier, For Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Court for oral argument on December 5, 2000, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

On January 18, 1994, the plaintiff, Progressive Casualty Insurance Company (Progressive), entered into an insurance contract with the defendant, Narragansett Auto Sales (Narragansett or defendant). The insurance policy required Progressive to provide liability insurance coverage to defendant, including coverage for automobiles bearing any one of fifteen Rhode Island dealer plates issued to defendant. Progressive also issued a Garage Coverage Form to defendant that covered automobiles that were serviced, repaired, parked or stored in defendant's garage operation.

Narragansett Auto Sales is owned and operated by Richard Lisa (Lisa) and was located at the time of this cause of action at 111 Douglas Avenue in Providence. The defendant shared a desk and office with Rego's Auto Body, an independent auto-repair facility unrelated to defendant's business. Rego's Auto Body was owned by Carlos Rego (Carlos); John Rego, Carlos's brother, was an employee of Rego's Auto Body in October 1994. Occasionally, Lisa permitted Rego's Auto Body to use the dealer plates to move vehicles or pick up parts for defendant's business. Lisa also occasionally allowed Carlos to use the dealer plates for business related solely to Rego's Auto Body.

On October 21, 1994, John Rego took one of defendant's dealer plates and placed it on a vehicle owned by Richard Maisano

(Maisano). Maisano's vehicle was unregistered, did not have its own license plates, and had no connection to defendant's business. The plate was placed on the vehicle to show the vehicle to a potential buyer. However, on the evening of October 22, while the plate was still on the vehicle, Maisano drove the vehicle to Boston for a pleasure excursion with his cousin. While driving, Maisano was involved in an automobile accident with a car owned by James Lawrence III and driven by James Lawrence IV. There is a dispute about whether John Rego initially had permission to use the dealer plate; however, Maisano admits that he was not authorized by anyone from Rego's Auto Body or by defendant to use the dealer plate on the evening of the accident.

On June 28, 1995, Progressive filed the present action seeking a declaratory judgment that no coverage should be afforded to defendant under the policy and that it had no duty to defend or indemnify Narragansett. Thereafter, Progressive filed a motion for summary judgment. The defendant objected to the motion and filed a cross-motion for summary judgment. On June 2, 1997, a justice of the Superior Court rendered a written decision denying Progressive's motion for summary judgment, denying Progressive's prayer for declaratory relief, and granting defendant's cross-motion for summary judgment. The motion justice noted that because no complaint had been filed against the insured, the court could not declare the extent of Progressive's duty to defend.

In October 1997, the Lawrences filed a complaint against Narragansett. Thereafter, on February 12, 1999, Progressive filed a motion for reconsideration of its motion for summary judgment. On April 19, 1999, a second motion justice granted summary judgment in favor of Progressive. That motion justice concluded that there was no coverage under the policy. Final judgment was entered on April 26, 1999, and defendant appealed. Nevertheless, Progressive did commence to defend

Narragansett and, since that time, the case has been settled.

On appeal, defendant argues that the motion justice erred in granting summary judgment in favor of Progressive. The defendant argues that an insurer's duty to defend is determined by applying "the pleadings test." The defendant argues that because the complaint alleges negligence against it, Progressive is required to defend.

■ In reviewing the grant of a summary judgment motion, we examine all the pleadings, memoranda, and affidavits in the light most favorable to the non-moving party to determine whether an issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *See Sindelar v. Leguia*, 750 A.2d 967, 969–70 (R.I.2000). "In general, the duty to defend an insured in this jurisdiction is determined by applying the 'pleadings test.' * * * That test requires the trial court to look at the allegations contained in the complaint, and 'if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.'" *Peerless Insurance Co. v. Viegas*, 667 A.2d 785, 787 (R.I.1995) (quoting *Employers' Fire Insurance Co. v. Beals*, 103 R.I. 623, 632, 240 A.2d 397, 402 (1968)); *see also Hingham Mutual Fire Insurance Co. v. Heroux*, 549 A.2d 265, 266 (R.I.1988).

After a review of the language of the insurance policy, the complaint, and statements contained within a statement of facts signed by both Progressive and Narragansett, the trial justice concluded that the policy was inapplicable because Maisano did not have permission to use the dealer plate on the evening of the accident. The trial judge concluded, in essence, that since Maisano did not have permission to use the dealer plate, Narragansett would ultimately not be liable to the Lawrences. Accordingly, he granted summary judgment in favor of Progressive.

■ The trial justice erred in granting summary judgment to Progressive. The complaint in the instant case alleged that "[a]s a result of the negligence of Defendants, Plaintiff, James Lawrence IV, sustained injuries, suffered and may continue to suffer great pain of mind and body, incurred medical expenses, lost earnings and earning capacity." Furthermore, the complaint alleged that James Lawrence III incurred property damage as a result of the negligence of Maisano. The insurance policy provides that Progressive "ha[s] the right and duty to defend any 'suit' asking for [damages because of 'bodily injury' or 'property damage']." Indeed, Progressive defended Narragansett in the matter even after the trial justice concluded that it need not. Counsel for Progressive indicated that its reason for doing so was to protect its insured. In granting summary judgment in favor of Progressive, the trial justice essentially concluded that, ultimately, Progressive would not be liable to the Lawrences. However, under the pleadings test, " 'the insurer must defend *irrespective of the insured's ultimate liability to the plaintiff.*' " *Peerless Insurance Co.*, 667 A.2d at 787. (Emphasis added.)

Accordingly, we sustain the appeal, vacate the order granting summary judgment, and remand the case to the Superior Court with instructions to modify the declaratory judgment so as to require Progressive to defend.