**SHELBY INSURANCE COMPANY**

v.

**NORTHEAST STRUCTURES, INC.**

No. 99–487–Appeal.

Supreme Court of Rhode Island.

March 14, 2001.

James S. D'Ambra, Mark P. Dolan, Providence, for Petitioner.

Rajaram Suryanar, for Respondent.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on February 6, 2001, pursuant to an order directing the defendant, Northeast Structures, Inc. (Northeast), to show cause why the issues raised in this appeal should not be summarily decided. The defendant appealed from a Superior Court summary judgment in favor of the plaintiff, Shelby Insurance Company (Shelby). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

In December 1994, defendant was building a "wood framed Indoor Arena and Stable" (the structure) in Westerly, Rhode Island, for Robert and Mary Lucey (the Luceys). On December 23, 1994, a storm

hit Westerly, and the partially built structure collapsed, despite the temporary bracing defendant had installed. The Luceys brought suit against defendant, alleging breach of contract, negligence, and breach of warranty. The count alleging negligence stated that "[t]he collapse of the Structure as aforesaid, was caused as a direct and proximate result of the negligence of the defendant, including, but not limited to, the defendant's negligence in the design, construction, erection, and/or supplying of temporary supports and/or bracing during the erection, of the Structure * * *." In its answer, defendant asserted as one of its affirmative defenses that "[t]he defendant is not liable for any damages caused the [Luceys] by an Act of God."

The plaintiff, who insured defendant at the time of the collapse of the structure, filed a declaratory judgment action, seeking to establish that it did not have the duty to indemnify or defend defendant under the commercial general-liability insurance policy (the policy) in effect at the time. Thereafter, plaintiff filed a motion for summary judgment that was granted, based on the exclusions in the policy. The defendant appealed. During the pendency of this appeal, plaintiff continued to defend the underlying action under "a reservations of rights," in accordance with our decisions in *Rumford Property and Liability Insurance Co. v. Carbone*, 590 A.2d 398, 401 (R.I.1991), and *Conanicut Marine Services, Inc. v. Insurance Company of North America*, 511 A.2d 967, 971 (R.I. 1986).

"This Court reviews the granting of a motion for summary judgment on a *de novo* basis, applying the same criteria as the trial court. * * * Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." *Carlson v. Town of Smithfield*, 723 A.2d 1129, 1131 (R.I.1999) (per curiam). With respect to the role of an insurer, we have held that:

"In general, the duty to defend an insured in this jurisdiction is determined by applying the 'pleadings test.' * * * That test requires the trial court to look at the allegations contained in the complaint, and 'if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.'" *Peerless Insurance Co. v. Viegas*, 667 A.2d 785, 787 (R.I.1995) (citing and quoting *Employers' Fire Insurance Co. v. Beals*, 103 R.I. 623, 632, 240 A.2d 397, 402 (1968), and others).

Here, the plaintiff contended that the allegations in the Luceys' complaint point to defendant's faulty workmanship on the structure as the cause of its collapse and the resulting damage, given that the complaint alleged no bodily injury or property damage other than to the structure itself. The plaintiff further argued that, pursuant to certain specific exclusions, the policy does not cover the damage that occurred, and therefore, it has no duty to defend or indemnify defendant. Two of the exclusions in the policy provide:

"2. **Exclusions**

This insurance does not apply to:

* * *

j. **Property damage** to:

* * *

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the **property damage** arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it."

The defendant contended that the Luceys' complaint alleged numerous possibilities that may have caused the collapse of the structure, including negligence in installing temporary supports. The defendant drew a distinction between the bracing and the structure itself, arguing that the structure may have been properly constructed, but the damage to it may have resulted from faulty work on the bracing. Under those circumstances, although the damage to the braces would not be covered under the policy, according to defendant, the damage to the structure would be covered, and defendant would have a duty to defend. The defendant's argument suggested that the bracing is "that particular part" referred to in exclusions j(5) and j(6) and that the rest of the structure is a different "particular part."

In support of its argument, defendant cited *Employers Mutual Casualty Co. v. Pires*, 723 A.2d 295 (R.I.1999) (per curiam), which involved a commercial general-liability insurance policy that listed provisions identical to those in defendant's policy.[1] In *Pires* the insured was a painting subcontractor who sought coverage for damage done to window panes allegedly caused by him in the course of remodeling work. *Id.* at 296–97. Coverage was denied by the insurer, based on the faulty-workmanship exclusion in the policy. *Id.* This Court pointed out that the policy's exclusion for faulty workmanship excluded coverage for damage to items on which the insured was working at the time of the damage. *Id.* at 299 & n. 1. We held that a question of fact remained about whether Pires damaged the panes accidentally when he worked on the window frames or whether he incorrectly performed work on the window panes. *Id.* at 299. If the damage was accidental, then the damage to the panes would not be excluded from coverage, but if the damage resulted from

poor workmanship on the panes, it would be excluded from coverage. *Id.*

It is our opinion that the installation of temporary bracing to the structure can be considered work that was performed on the structure. Unlike the work in *Pires*, the construction of the supports cannot be separated from the construction of the remainder of the structure for purposes of recovery under the insurance policy, thereby falling within exclusions j(5) and j(6).

However, defendant's answer raised the possibility that the cause of the collapse of the structure was an "Act of God." If the collapse was caused by an act of God—such as high winds—rather than faulty work done on the structure, then under our interpretation of the pleadings test, the possibility exists that the damage would not be excluded from coverage under the policy. Accordingly, there is a question of fact in respect to the cause of the collapse, thereby rendering the grant of summary judgment inappropriate. The plaintiff has a duty to defend the underlying action at trial until there has been a finding of fact that the cause of the collapse was excluded from coverage under the policy or until a settlement has been reached.

Therefore, we sustain the defendant's appeal and reverse and vacate the grant of summary judgment insofar as it authorized the plaintiff not to provide a defense in this case, without prejudice to the plaintiff's seeking absolution from an obligation to indemnify defendant after trial. Consequently, the case may be returned to the Superior Court for a trial on the merits.

Chief Justice WILLIAMS did not participate.

---

1. The exclusion to coverage cited in *Employers Mutual Casualty Co. v. Pires*, 723 A.2d 295 (R.I.1999) was exclusion j(6), which was identical to exclusion j(6) in the policy at issue here, although *Pires* does not define property damage, a term that is defined in this policy. The plaintiff here also cited other exclusions in the policy.